ANNA S. DAVIS, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, May 24, 1948.

*Morris Weissberg* of counsel (*Seymour B. Quel* with him on the brief; *John P. McGrath, Corporation Counsel*), for appellant.

*Benjamin M. Zelman* of counsel (*Irving P. Zelman* with him on the brief), for respondent.

VAN VOORHIS, J. Plaintiff is a teacher of mathematics in the High School of Science, under the jurisdiction of the defendant Board of Education of the City of New York. She is on a regular salary of less than $10,000 per annum. Teachers in her classification are paid during the summer vacation period, which included the months of July and August, 1945, on a sliding scale proportioned to how much of the preceding

school fiscal year ending June, 30, has been served. The superintendent of schools is authorized to grant absences without pay, and a resolution of the defendant Board of Education provides that a teacher shall receive her full salary during the summer vacation period provided that she has had no leaves of absence without pay during such preceding year. Otherwise, the amount of salary payable for the summer vacation period is reduced in proportion to the ratio between her absences without pay and the length of the working school year. Plaintiff in this action was absent without pay, pursuant to authorization by the superintendent of schools, from September 8, 1944, through January 31, 1945. Applying the formula to her case, that meant that she was entitled to receive and did receive the equivalent of thirty-four days' regular pay for the entire summer vacation of 1945, which included the month of July. The practical method adopted of compensating plaintiff for this vacation period was to omit her monthly salary payment for July, rather than to pay her in a reduced amount for July and August.

No dispute has arisen concerning this procedure, nor the amount of the regular pay which she has received or should receive. This action concerns bonus money which plaintiff claims to be entitled to be paid, in addition, for the summer vacation of 1945, without deduction, as in the case of her regular salary, by reason of her leave of absence without pay during portions of the preceding school fiscal year. She has sued for $29.16 bonus money alleged to be due her for July 1945, which is one twelfth of the maximum amount for the year of $350. The resolution of defendant, adopted on recommendation of the superintendent of schools, provided that employees in plaintiff's class are " granted a cost of living bonus *at the rate of* $350. per annum for the fiscal year 1945–1946 only " (italics supplied); and it was further resolved " That this cost of living bonus shall not be granted to employees while on leave of absence without pay　*　*　*." "

The Appellate Term, reversing the Municipal Court, has held that since the fiscal year began July 1, 1945, plaintiff entered the new year with a clear slate so far as absences without pay are concerned, and that she was entitled to receive a full one twelfth of the $350 bonus for each month of the summer vacation commencing July 1, 1945, regardless of leaves of absence without pay during the previous year, and also without regard to the circumstance that it could not then be known whether she would have leaves of absence during the ensuing

year. It seems to us that such a construction disregards that part of the resolution, authorizing the cost of living bonus, which states that it shall not be granted to employees " while on leave of absence without pay ". The result of the determination appealed from is to regard the bonus amount as fixed and payable on a monthly basis during the summer vacation without regard to how long the teacher is absent without pay at any time. On that theory she might have served but one week in the previous fiscal year and be destined to serve but one week in the ensuing fiscal year, and, nevertheless, be entitled to the same bonus allotment for the summer vacation months as though she had served continuously. The circumstance that she did serve regularly throughout the ensuing fiscal year could not be known in advance, and, consequently, the summer vacation bonus allotment was geared to the previous year.

Although it might have been more explicitly stated in the resolution, we think that it was the intention, in practical effect, to cause these bonus payments to operate as an addition to the teachers' regular salary for the fiscal year 1945–1946, and to cause the payment of it during the summer vacation months to be adjusted by the same formula as that which governs the payment of salaries during such months. The proviso that it shall not be granted to employees while on leave of absence without pay, means that such absences are to have the same effect upon the making of the bonus payments as they have on the payment of regular salary, including the remuneration which is apportioned to the summer vacation time. Whether the plaintiff be regarded as receiving fractional salary for the entire summer vacation period or full salary for one part and no salary for the balance of the vacation period, still the cost of living bonus must conform to and vary with the basic salary actually paid. Otherwise, the use of the words "at the rate of" would be meaningless, and the result would be unworkable and confusing.

The determination of the Appellate Term should be reversed, without costs, and the final judgment of the Municipal Court in favor of the defendant should be affirmed.

Dore, J. (dissenting). The resolution provided that the cost of living bonus " shall not be granted to employees *while* on leave of absence without pay " (emphasis supplied). During the fiscal year in which the bonus in question is involved, namely, from July 1, 1945, to June 30, 1946, the teacher was not on leave of absence at all but served full time just as any other teacher in the system. Accordingly, by the express language

of the resolution, she was entitled to the $29.16 bonus money for July, 1945.

I dissent and vote to affirm the determination of the Appellate Term.

PECK, P. J., GLENNON and SHIENTAG, JJ., concur with VAN VOORHIS, J.; DORE, J., dissents and votes to affirm the determination of the Appellate Term, in opinion.

Determination of the Appellate Term reversed, without costs, and judgment of the Municipal Court in favor of defendant affirmed. Settle order on notice.